USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/23/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANTHONY ANDRESAKIS,

                       Plaintiff,         09 CV 8411 (DAB)
   -against-                           ADOPTION OF REPORT
                                             AND RECOMMENDATION
CAPITAL ONE BANK (USA) N.A.,

                       Defendant.
------------------------------------X

DEBORAH A. BATTS, United States District Judge.

    Pro se Plaintiff Anthony Andresakis ("Andresakis") brought this action against Defendant Capital One Bank (USA) N.A. ("Capital One") alleging that Capital One supplied false information to a credit reporting agency ("CRA") resulting in, inter alia, a barrage of phone calls and Andresakis' inability to obtain a mortgage. Defendant has moved to dismiss Plaintiff's claims under Fed. R. Civ. P. ("Rule") 12(b)(6). On February 3, 2011, United States Magistrate Judge Frank Maas issued a Report and Recommendation ("Report") to this Court, recommending that the Court grant Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6). (Report at 1.) For the reasons set forth below, the Court adopts Judge Maas' Report in full and GRANTS Defendant's Motion to Dismiss under Rule 12(b)(6).

I. Objections to the Report and Recommendation

"Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

"To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008)("[r]eviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks

2

omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of pro se parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." Howell v. Port Chester Police Station, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Andresakis' original complaint is dated March 9, 2009. Andresakis' Amended Complaint was received by the Pro Se Office of this Court on December 1, 2009. (Dkt. No. 3). Liberally construed, the Amended Complaint alleges that Capital One: (1) supplied false information about him to a credit reporting agency, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681n, 1681o, and 1681s-2(b), resulting in Andresakis' inability to obtain a mortgage, (2) barraged

3

Andresakis with phone calls in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, (3) defamed him by falsely reporting to TransUnion that he owed Capital One money, (4) committed fraud by falsely reporting to TransUnion that he owed Capital One money and by selling his account to Portfolio, and (5) either intentionally or negligently inflicted such emotional distress that he suffered a stroke.

On February 3, 2011, Judge Maas issued his Report recommending that the Court grant Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6). On February 17, 2011, Andresakis filed a timely objection to Judge Maas' Report.[1] As best as the Court can discern, Plaintiff makes the following objections to the Report: (1) Judge Maas citation to the time periods alleged in Andresakis' Amended Complaint was improper because those dates are not supported by evidence; (2) Andresakis discovered Capital One's fraud on January 13, 2009, not in 2003; and (3) the statute of limitations should have been tolled due to Andresakis' age, memory problems, mental health and physical health.

---

[1] On March 17, 2011, Andresakis also filed a reply to Capital One's response to Andresakis' objections.

II. Fair Credit Reporting Act Claim

Andresakis objects to the Report's recommendation that his FCRA claim should be dismissed under Rule 12(b)(6). (See generally Pl.'s Objs.)  Plaintiff argues that his FCRA is not time barred because he discovered the facts that support his claim in 2009 or, in the alternative, the Statute of Limitations should have been tolled. Construing Andresakis' objection as liberally as possible, Andresakis' objection on his FCRA claim is specific enough to warrant de novo review. 28 U.S.C. § 636(b)(1)(C).

As Judge Maas found, the FCRA requires that any "action to enforce any liability created under this subchapter...be brought...not later than the earlier of...2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or...5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. The shorter two-year limitation period applies here as Andresakis had "inquiry notice" of an FCRA violation. Willey v. J.P. Morgan Chase, N.A., No. 09 Civ. 1397 (CM), 2009 WL 1938987, at *4-5 (S.D.N.Y. July 7, 2009).

First, there is simply no basis for Andresakis to argue that he discovered the FCRA violation within the two year statute of limitations. In the Report, Judge Maas presumed all of

5

Andresakis' facts as true, as is required by Rule 12(b)(6). (See Report at 2, FN No. 1.) The latest that Andresakis can allege a violation is when he was allegedly denied a mortgage in November 2006. Andresakis did not file suit until 2009, more the two years later. Since Andresakis failed to allege a possible FCRA violation within the statute of limitations, his FCRA claim must be dismissed as a matter of law.[2]

Second, Andresakis seeks to toll the running of the statute on the grounds of his claimed age, disability or infirmity. The Court knows of no basis that would allow Andresakis to evade the statute of limitations requirement. Even if the Court were able to invoke New York CPLR § 208, which provides a tolling on the grounds of "a disability because of infancy or insanity," Andresakis has not alleged sufficient facts here to toll his claims under § 208. See Eisenbach v. Metro. Transp. Auth., 468 N.E.2d 293 (N.Y. 1984) (hospitalization during which strong pain-killing drugs were administered resulting in the plaintiff

---

[2] In his objections, Andresakis has provided a letter from "Portfolio Recovery Associates" dated January 19, 2009 that confirms ownership of the debt that was acquired from Capital One on March 22, 2007. This letter does not provide a basis for a renewed claim under the FCRA; it only confirms what Andresakis already knew from 2003 - 2006: that Capital One claimed Andresakis was indebted to Capital One for an unsecured credit account. Even if this letter did provide a claim under the FCRA, the Court will not permit Andresakis to submit evidence or amend his complaint at this late stage.

being "generally confused, disoriented, and unable to effectively attend to [his] affairs" did not rise to the level of insanity under Section 208). Accordingly, the Court adopts Judge Maas' Report's and dismisses Andresakis' FCRA claim.

III. Federal Debt Collection Practices Act Claim

Andresakis makes no discernable objection regarding Judge Maas' recommendation that the Court should dismiss Andresakis' claim under the FDCPA. (See generally Pl.'s Objs.) The Court will review this portion of Judge Maas' Report "strictly for clear error." Indymac Bank, F.S.B., 2008 WL 4810043, at *1.

Judge Maas correctly concluded that Capital One, as a creditor, is "not subject to the FDCPA." Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998); see 15 U.S.C. § 1692a(6)(F) (excluding "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity...concerns a debt which was originated by such person"). Furthermore, creditors "cannot be held responsible for the actions of any other entity merely based on vicarious liability." Schuh v. Druckman & Sinel, LLP, 602 F. Supp. 2d 454, 463 (S.D.N.Y. 2009). In his Amended Complaint, Andresakis does not allege that Capital One was anything other than the originator of the debt or that later

7

Portfolio sought to collect the debt. Accordingly, the Court adopts Judge Maas' Report's and dismisses Andresakis' FDCPA claim.

IV. State Law Claims

Like his FDCPA claim, Andresakis makes no objection regarding Judge Maas' recommendation that the Court should dismiss Andresakis' claims state law claims. (See generally Pl.'s Objs.) The Court will review this portion of Judge Maas' Report "strictly for clear error." Indymac Bank, F.S.B., 2008 WL 4810043, at *1.

Judge Maas correctly found that the FCRA preempts Andresakis' state law defamation and fraud claims as the FCRA contains two provisions that expressly preempt state law, Sections 610 and 625, 15 U.S.C. §§ 1681h(e), 1681t(b)(1)(F). Under either a total preemption or a partial preemption approach, Andresakis' state law claims are fully barred as his claims are inextricably tied-up with his federal claims and, in addition, no state law claim is valid for statute of limitations reasons. Compare Kane v. Guar. Residential Lending, Inc., No. 04 Civ. 4847 (ERK), 2005 WL 1153623, at *7 (E.D.N.Y. May 16, 2005) (Section 625 supersedes Section 610 by "total[ly] preempt[ing]" both statutory and common law state claims), and McCloud v. Homeside

8

Lending, 309 F. Supp. 2d 1335, 1341-42 (N.D. Ala. 2004) (Section 625 preempts only state statutory claims while Section 610 preempts certain state common law claims), with Prakash v. Homecomings Fin., No. 05 Civ. 2895 (JFP) (VVP), 2006 WL 2570900, at *5-6 (E.D.N.Y. Sept. 5, 2006) (preemption under Sections 610 and 625 depends on whether state claim arose before or after furnisher of credit information received notice of inaccuracies in consumer's credit history).

Finally, Judge Maas correctly concluded that Andresakis' state law claims alleging intentional and negligent infliction of emotional distress for repeated collection calls made by Capital One and Portfolio do not involve Capital One's furnishing of credit information to a CRA and cannot be preempted. While it appears unlikely to the Court that Andresakis could succeed on his claims for intentional and negligent infliction of emotional distress, the Court will dismiss these claims without prejudice.

Accordingly, the Court adopts Judge Maas' Report and dismisses Andresakis' state law claims.

V. Conclusion

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Frank Maas dated February 3, 2011, this Court APPROVES, ADOPTS, and

RATIFIES the Report and Recommendation in full. Accordingly, Defendant's Motion to Dismiss under Rule 12(b)(6) is GRANTED with prejudice with respect to Pro se Plaintiff Anthony Andresakis' federal, defamation and fraud claims, and without prejudice with respect to his claims asserting intentional and negligent infliction of emotional distress. The Court declines to exercise supplemental jurisdiction over the intentional and negligent infliction of emotional distress claims, so that Pro se Plaintiff Anthony Andresakis will not be permitted to proceed in Federal Court any further. 28 U.S.C. § 1367(c)(3). The Clerk of Court is DIRECTED to close the docket in this case.

SO ORDERED.

Dated:   New York, New York
         March 23, 2011

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge